

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# Thomas v. Wheeler

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Thomas v. Wheeler" (2008). *2008 Decisions*. Paper 397.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/397

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3173
_____

CLAUDE THOMAS,

Appellant

v.

STEVEN R. WHEELER;
PENNSYLVANIA OFFICE OF ATTORNEY GENERAL;
JAMES CAGGIANO; CHARLES WARNER;
LARRY CHERBA; MICHAEL AHWESH,

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-01447)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2008

Before: SLOVITER, FUENTES and ALDISERT, <u>Circuit Judges</u>.

(Opinion Filed: October 8, 2008)

_____

1

FUENTES, Circuit Judge:

Claude Thomas, an African American male, appeals from the dismissal of employment discrimination claims he brought against his employer, the Pennsylvania Office of Attorney General, and several individual defendants. In particular, Thomas argues that the District Court erred in finding that certain of his claims were barred by the applicable statutes of limitation, and that Thomas had failed to present sufficient evidence to support his remaining claims.[1]

I.

Background

Because we write exclusively for the parties, we only discuss the facts and proceedings necessary for resolution of this case. In 1992, pursuant to his contract, Thomas was promoted to the position of Narcotics Agent II. A year later, Thomas filed a pro se federal action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"). That action was settled and, pursuant to the settlement agreement, Thomas was reassigned to the U.S. Customs Service in Philadelphia. In 1998, his position with the Customs Service was terminated and he returned to the Office of Attorney General.

In 2005, Thomas filed this action alleging violations of Title VII, 42 U.S.C. §§

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's summary judgment ruling. Township of Piscataway v. Duke Energy, 488 F.3d 203, 208 (3d Cir. 2007).

1981 and 1983, the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 et seq., and various state tort law causes of action. Thomas alleged that, beginning in 1998, he applied for and was denied eight promotions because of racial discrimination and retaliation for his previous suit. Thomas also asserted that he received excessive discipline and was denied training and favorable work-related assignments because of discriminatory and retaliatory animus.

In a series of rulings, the District Court dismissed all of Thomas's claims. The District Court determined that many of Thomas's claims were time-barred because he failed to file a timely complaint with the EEOC or in federal court. The District Court also concluded that Thomas failed to meet his burden of producing evidence to suggest that the employment decisions concerning him were prompted by racial discrimination.

## II.

### Discussion

"Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. In reviewing the District Court's grant of . . . the motions for summary judgment, we view the facts in the light most favorable to the nonmoving party." Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 293 (3d Cir. 2008) (citations omitted).

A.      Timeliness of Thomas's Claims

3

Thomas argues that the District Court should have applied the "continuing violation" doctrine to his otherwise time-barred failure to promote, excessive discipline, and reassignment claims. We concur with the District Court that these claims constitute discrete incidents to which the continuing violation analysis is inapplicable. See Rush v. Scott Speciality Gases, Inc., 113 F.3d 476, 483-84 (3d Cir. 1997). Accordingly, we find that the District Court properly dismissed all Title VII claims that occurred more than 300 days prior to the filing of Thomas's EEOC complaint, all § 1981 claims that occurred before March 29, 2001, and all § 1983 claims that occurred before March 29, 2003. However, evidence of discriminatory or retaliatory intent from this period may still be relevant to analyzing claims that are not time-barred.

B.      Merits of Thomas's Remaining Claims

1.      Title VII, 42 U.S.C. § 1981, First Amendment, and PHRA Claims

The District Court concluded that Thomas had failed to present evidence to support his claim that he was subjected to a hostile work environment. Thomas alleges that Office of Attorney General staff made derogatory comments about the abilities of African-American and Latino officers, but admits that he is unable to identify who made these comments and cannot "specifically state what comments were made." (App. 161.) We agree with the District Court that these vague allegations are not sufficient to meet Thomas's burden at the summary judgment stage. Accordingly, we will affirm the District Court's grant of summary judgment on Thomas's hostile work environment

4

claim, and will not discuss these alleged comments in evaluating Thomas's other claims.

The District Court applied the familiar McDonnell Douglas burden-shifting framework to analyze Thomas's disparate treatment claims. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The District Court found that Thomas had failed to present a prima facie case of discrimination as to his July 2004 failure to promote claims and his unfavorable assignment claim. As to the unfavorable assignment claim, the District Court determined that Thomas had presented no evidence that he was denied favorable assignments. The District Court also found that the defendants had presented evidence of a legitimate non-discriminatory reason for not promoting Thomas to Narcotics Officer III in July 2004: the open position was reclassified to a higher ranking position for which Thomas was not eligible.

The District Court assumed that Thomas had met his initial burden of presenting a prima facie case of discrimination as to his claim of failure to train and his July 2002 and March 2004 failure to promote claims. The District Court found that Thomas was denied training because of the application of legitimate non-discriminatory Office of Attorney General policies. Thomas was denied training to become "B certified" in wiretap investigations because the training was expensive and the Office of Attorney General only needed one B certified agent in each regional office. Thomas was denied polygraph training because his division of the Office of Attorney General did not use polygraph testing. In sum, Thomas failed to present evidence that these policy justifications were untrue or that the real reason for applying the policies to him was discriminatory animus.

5

We concur with the District Court and adopt its reasoning as to these claims.

The District Court also determined that the defendants presented evidence of a legitimate reason for declining to promote Thomas in July 2002 and March 2004: other candidates were better qualified. Thomas argues that the District Court erred in granting summary judgment as to these claims because he would have been well-qualified but for the Office of Attorney General's failure to provide him with the training and experience needed to meet its promotion criteria. As noted above, we concur with the District Court's reasoning that Thomas did not present adequate evidence to suggest that he was denied training or favorable assignments because of discrimination. Accordingly, we will also affirm the District Court's decision to grant summary judgment as to Thomas's March 2004 failure to promote claim.

As to Thomas's retaliation claims, we agree that Thomas failed to present evidence suggesting a causal nexus between any employment actions and his earlier suit. The District Court found that Thomas had failed to raise a genuine issue of material fact as to his First Amendment claim for the same reason. Thomas's only evidence suggesting a causal nexus is that in 1998, James Caggiano made comments indicating retaliatory animus. Caggiano participated in the final phase of the selection process for the March 2004 promotion. However, Thomas was eliminated from consideration prior to this phase, and Thomas has presented no evidence that Caggiano influenced the selection of candidates during the initial levels of review. In light of the many years' gap between Thomas's first discrimination claim, Caggiano's 1998 comments, and the 2004 promotion

6

process, more was needed to suggest a causal nexus. Further, Thomas has not presented evidence linking Caggiano to any other non-time barred employment actions. Thus, we will also affirm the District Court's decision as to these claims.

## 2. Fourteenth Amendment Claims

On appeal, Thomas claims that his rights to substantive and procedural due process, and equal protection were violated. In his complaint, Thomas claimed violations of his "right under the . . . 14th Amendment . . . to be gainfully employed and thereby contribute as a taxpayer and support himself and his family free of a hostile work environment inflicted upon him based upon his race" and his "right under the 14th Amendment . . . to work and be employed in the stream of American commerce and enjoy the benefits and emoluments of employment so that he can participate in supporting the American nation through the payment of taxes and to support his family free of unlawful discrimination on account of his race, national origin and color." (Compl. ¶¶ 13-14, app. 69.) The District Court granted summary judgment on Thomas's Fourteenth Amendment claim noting that he had failed to "define the legal or factual basis" for this claim and introduced "no factual evidence on this particular claim." Accordingly, the District Court concluded that the defendants were entitled to "judgment on the alleged Fourteenth Amendment violation as a matter of law." Thomas v. Wheeler, 05-cv-1447, Dkt. # 26 at 35 (Apr. 10, 2005).

Thomas did not raise his procedural or substantive due process claims in his complaint, or otherwise, before the District Court and may not amend his complaint

7

through his arguments on appeal. Accordingly, we will not consider these claims.[2]

We find that the District Court properly granted summary judgment on Thomas's equal protection claim for the same reasons that his statutory employment discrimination claims fail.

III.

Conclusion

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.

---

[2] Further, even if a claim for violation of Thomas's substantive or procedural due process rights were properly before this Court, we would find that Thomas did not raise a genuine issue of material fact that these rights were violated.